[No. 9289.   Department One. — December 23, 1885.]

S. T. WELLS, Appellant, *v.* A. R. ELLIS, Respondent.

Partnership — Assignment for Benefit of Creditors — Dissolution — Property Exempt from Execution.— An assignment by copartners for the benefit of their creditors of the entire firm assets, except property exempt from execution, operates as a dissolution of the partnership; and the subsequent delivery by the assignees to the assignors of such portions of the exempt property as was respectively owned by them and used in the business of the firm does not revive or continue the partnership.

Appeal from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion of the court.

*Briggs & Hawkins*, for Appellant.

*McCroskey & Hudner*, and *G. B. Montgomery*, for Respondent.

McKEE, J.—On the 20th of January, 1883, the plaintiff brought the action in hand against the defendant for an accounting and settlement of the affairs of a partnership, alleged to be existing between himself and defendant.

But it was set up as a defense to the action, and proved, and the court finds, that the partnership after it had been formed and operated for some years became insolvent, when, in September, 1882, the copartners made an assignment of all the partnership property, "except what by law was exempt from execution," to three persons in trust for the benefit of all creditors of the firm. The assignees accepted the trust, and after they had qualified according to law, entered upon the discharge of their duties, and executed the trust by distributing the effects and proceeds of the firm *pro rata* among the creditors. All the creditors except the plaintiff, Wells, accepted the distribution in full satisfaction of all their demands against the firm, and released it from all further liability to them, and from all claims on the property.

The object of the partnership was to carry on the business of blacksmithing and farming, the plaintiff Wells being the blacksmith, and the defendant Ellis the farmer of the concern. Under the exemption clause of the assignment, Wells claimed to be entitled to the blacksmith tools and Ellis to the farming implements used by them as members of the firm. The claim of each was recognized by the assignees, and they, with the assent of the creditors, delivered over to them the working tools which they respectively claimed.

The receipt of that property, however, neither revived nor continued the partnership, if it was dissolved by the assignment for the benefit of all their creditors, and we think it is clear that the assignment, being valid, operated a dissolution of the firm, and divested the partners of their rights in and dominion over the partnership property. Necessarily a valid assignment of all partnership assets by copartners implies an entire suspension

and winding-up of all copartnership affairs. By the assignment the copartners were at once deprived of all the means necessary for the transaction of the business of the partnership, and all their interest in the partnership property passed from them to the assignees, in whom title to the property and right of action therefor vested for the benefit of the creditors. (Story on Partnership, sec. 437; *Simmons* v. *Curtis*, 41 Me. 373; *Bank of Tennessee* v. *Horn*, 17 How. 157.)

What was claimed as property exempt from execution was conceded to be such, and on being delivered in satisfaction of the claim it was no part of the partnership property; it belonged to the claimants individually, and not as copartners. When, therefore, the assignors received the exempt property, and the assignees executed the trust of the partnership effects by settling the partnership debts with the creditors, the affairs of the partnership were fully wound up and the partnership ceased to exist.

Judgment affirmed.

Ross, J., and McKINSTRY, J., concurred.